UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOYCE LAMBTON,
    Plaintiff,

vs.                                       Case No.: 1:22cv323/MW/ZCB

EXPERIAN INFORMATION
SOLUTIONS INC, et al.,
    Defendants.
    _____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this *pro se* case under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Defendant Experian Information Solutions, Inc. moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim on which relief can be granted. (Doc. 20). On June 5, 2023, the Court issued an order on Defendant Experian's motion to dismiss. (Doc. 39). In that order, the Court explained that Plaintiff's complaint failed to state a claim. (*Id.*). But to ensure that Plaintiff had an opportunity to correct the deficiencies in her complaint by filing an amended complaint as required by the Eleventh Circuit,[1] the Court denied Defendant's motion without prejudice. And the Court instructed

---

[1] *See generally Woldeap v. DeKalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (internal quotations omitted) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

1

Plaintiff that if she wished to proceed with this lawsuit, then she had twenty-one days to file an amended complaint that remedied the deficiencies addressed in the Court's order. (*Id*. at 10). The Court informed Plaintiff that her failure to file an amended complaint would likely result in a recommendation of dismissal. (*Id*.). Plaintiff's deadline for filing an amended complaint has now passed, and she has not filed an amended complaint.

As the Court explained in its June 5, 2023 order (Doc. 39), Plaintiff's complaint fails to state a claim on which relief can be granted. Consistent with Eleventh Circuit precedent, the Court gave Plaintiff notice of the deficiencies in her complaint and provided her with an opportunity to amend her complaint before recommending dismissal. Plaintiff has failed to file an amended complaint. This matter, therefore, should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[2]

Accordingly, it is respectfully **RECOMMENDED** that:

(1) This matter be **DISMISSED with prejudice** as to Defendant Experian for Plaintiff's failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

---

[2] Dismissal would also be warranted under Northern District of Florida Local Rule 41.1, which authorizes dismissal for a party's failure to follow an order of the Court. *See Ho v. Costello*, 757 F. App'x 912, 915 (11th Cir. 2018) (affirming dismissal for failure to file an amended complaint as directed by the district court).

(2) The Clerk of Court be directed to close the case.³

At Pensacola, Florida this 3rd day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

³ Plaintiff's complaint named three defendants in addition to Defendant Experian. Two of them have already been dismissed from this action (Docs. 31, 36), and a recommendation of dismissal is pending regarding the other (Doc. 40).